NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HOFFMANN-LA ROCHE INC., | |
| Plaintiff, | Civil Action No. 07-4539 (SRC) (MAS) |
|  | Civil Action No. 07-4540 (SRC) (MAS) |
| v. | Civil Action No. 08-4054 (SRC) (MAS) |
|  | (consolidated with 07-4539 for all purposes) |
| COBALT PHARMACEUTICALS INC., and COBALT LABORATORIES, INC., | OPINION & ORDER |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Plaintiff Hoffman-La Roche Inc. ("Roche") against Defendants Cobalt Pharmaceuticals Inc. and Cobalt Laboratories, Inc. (collectively, "Cobalt.") For the reasons stated below, the motion will be granted.

The background to this Hatch-Waxman action for patent infringement has been presented in previous Opinions and will not be repeated here. This motion concerns Roche's U.S. Patent No. 4,927,814 (the "'814 patent.") As an affirmative defense, Cobalt has asserted that the '814 patent is invalid for improper inventorship under 35 U.S.C. § 102(f). Roche has moved for summary judgment on Cobalt's improper inventorship defense.

Cobalt contends that the '814 patent is invalid for improper inventorship on two grounds: 1) one named inventor, Dr. Bosies, is not properly an inventor; and 2) "Dr. Fleisch and others" were not named as inventors, but contributed to the conception of the invention, and should be named as inventors. (Cobalt's Opp. Br. 24.)

Roche makes a number of arguments in support of its motion, but the one that readily succeeds relies on a patentee's ability to correct inventorship under 35 U.S.C. § 256, which states:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
>
> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

Roche argues that, even if Cobalt might prove any error in inventorship of the '814 patent, § 256 expressly states that this will not invalidate the '814 patent if the error can be corrected under the terms of that statute.

To interpret the terms of § 256, Roche cites the Federal Circuit's decision in <u>Stark v. Advanced Magnetics</u>, 119 F.3d 1551, 1555 (Fed. Cir. 1997):

> [S]ection 256 allows deletion of a misjoined inventor whether that error occurred by deception or by innocent mistake. As well, the section allows addition of an unnamed actual inventor, but this error of nonjoinder cannot betray any deceptive intent by that inventor. In other words, the statute allows correction in all misjoinder cases featuring an error and in those nonjoinder cases where the unnamed inventor is free of deceptive intent.

The practical effect of this interpretation is that it renders Cobalt's misjoinder argument – that Dr. Bosies is not properly an inventor – impotent to effect invalidation of the patent, since Roche has the unconditional statutory right to correct errors of misjoinder. Thus, Cobalt's argument that Dr. Bosies has been misjoined, and should not be named as inventor, if proven, cannot

2

invalidate the patent. Cobalt argues, incorrectly, that such an error may only be corrected in the absence of deceptive intent but, under Stark, this is not so: Roche may correct errors of misjoinder regardless of whether deceptive intent is shown.

Errors of nonjoinder, in contrast, can lead to invalidation of the patent, if Cobalt can show that the unnamed inventor intended to deceive. Thus, to survive Roche's motion for summary judgment, Cobalt must point to some evidence from which a jury might find that "Dr. Fleisch and others," deceptively and intentionally, caused their nonjoinder on the patent. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). Cobalt, however, does not even address the deceptive intent requirement in its brief, no less offer evidence that would allow a jury to find in its favor at trial. At best, Cobalt offers only evidence that "Dr. Fleisch and others" were inventors, and were omitted from the patent – not evidence that these omitted inventors acted with deceptive intent.

Thus, even if Cobalt were able to prove improper inventorship based on the nonjoinder of "Dr. Fleisch and others," on this record, it cannot prove the deceptive intent required to bar correction under § 256. Cobalt has failed to offer evidence of an essential element of its invalidation case – that correction of inventorship under § 256 is barred, and that the Court may therefore proceed to invalidate the patent under § 102(f). Roche has shown that it is entitled to judgment as a matter of law on Cobalt's affirmative defense of improper inventorship, since Cobalt cannot prove that Roche is not entitled to correct the asserted errors of inventorship in the '814 patent under § 256.

Cobalt attempts to defeat the operation of § 256 by selectively quoting from Pannu v.

Iolab Corp., 155 F.3d 1344, 1350 (Fed. Cir. 1998).  When the cited language in Pannu is read in context, it does not support Cobalt's position:

> When a party asserts invalidity under § 102(f) due to nonjoinder, a district court should first determine whether there exists clear and convincing proof that the alleged unnamed inventor was in fact a co-inventor. Upon such a finding of incorrect inventorship, a patentee may invoke section 256 to save the patent from invalidity. Accordingly, the patentee must then be given an opportunity to correct inventorship pursuant to that section. Nonjoinder may be corrected "on notice and hearing of all parties concerned" and upon a showing that the error occurred without any deceptive intent on the part of the unnamed inventor. n4 35 U.S.C. § 256; *see Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1555, 43 U.S.P.Q.2D (BNA) 1321, 1324 (Fed. Cir. 1997) ("The section allows addition of an unnamed actual inventor, but this error of nonjoinder cannot betray any deceptive intent by that inventor.") . . . Finally, a patent with improper inventorship does not avoid invalidation simply because it might be corrected under section 256. Rather, the patentee must claim entitlement to relief under the statute and the court must give the patentee an opportunity to correct the inventorship. If the inventorship is successfully corrected, section 102(f) will not render the patent invalid. On the other hand, if the patentee does not claim relief under the statute and a party asserting invalidity proves incorrect inventorship, the court should hold the patent invalid for failure to comply with section 102(f).

Id. at 1350-1351.  Pannu supports Roche's position: if the inventorship is corrected under § 256, the patent will not be rendered invalid.  Only if the patentee does not seek correction under § 256 – and Roche has given notice that it would seek such correction – does Pannu allow that a demonstration of improper inventorship could invalidate a patent under § 102(f).

Cobalt next argues that errors in inventorship can create further evidence of inequitable conduct that may render the patent unenforceable.  The issue of unenforceability due to inequitable conduct is legally distinct from the issue of invalidity under § 102(f) and is not before the Court on this motion.

Cobalt has failed to defeat Roche's motion for summary judgment on Cobalt's affirmative defense of improper inventorship, and Roche has shown that it is entitled to judgment

4

as a matter of law.  Roche's motion for summary judgment will be granted, and Judgment on Cobalt's affirmative defense of improper inventorship will be entered in Plaintiff's favor.

For these reasons,

**IT IS** on this 17th day of December, 2010,

**ORDERED** that Roche's motion for summary judgment (Docket Entry No. 308), pursuant to Federal Rule of Civil Procedure 56, is **GRANTED**, and Judgment on Cobalt's affirmative defense that the '814 patent is invalid for improper inventorship under 35 U.S.C. § 102(f) is hereby entered in favor of Roche and against Cobalt.

      s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.