<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

```
------------------------------------------------  :
HOFFMANN-LA ROCHE INC., and          :
GENENTECH, INC.,                                   :
                                                              :
                          Plaintiffs,            :
                                                              :
                                                              :
v.                                                           :
                                                              :
WATSON LABORATORIES, INC.,         :
WATSON PHARMACEUTICALS,              :
INC., WATSON PHARMA, INC.,             :
COBALT PHARMACEUTICALS INC.,      :
and COBALT LABORATORIES, INC.,     :
                                                              :
                          Defendants.            :
------------------------------------------------  :
```

Civil Action No. 07-4539 (SRC) (MAS)
Civil Action No. 07-4540 (SRC) (MAS)
Civil Action No. 08-4054 (SRC) (MAS)
Civil Action No. 10-6206 (SRC) (MAS)
(consolidated with 07-4539 for all purposes)

**OPINION**

<u>CHESLER</u>, **U.S.D.J.**

This matter comes before the Court on the motion to modify the injunction Order entered

on November 10, 2010 by Defendants Watson Pharmaceuticals, Inc., Watson Laboratories, Inc.,

Watson Pharma, Inc., Cobalt Pharmaceuticals Inc. and Cobalt Laboratories, Inc. (collectively,

"Watson").  For the reasons stated below, the motion will be granted.

In brief, Plaintiffs Hoffman-La Roche Inc. and Genentech, Inc. (collectively, "Roche")

own two patents which cover the branded ibandronate product, Boniva®: U.S. Patent No.

4,927,814 (the "'814 patent") and U.S. Patent No. 7,410,957 (the "'957 patent").  On November

10, 2010, this Court granted Roche's motion for a preliminary injunction and entered an Order

enjoining the Cobalt Defendants from marketing the pharmaceutical products at issue until this

Court had decided all issues of validity and enforcement involving these two patents.  Watson

now asks this Court to modify the November 10, 2010 Order so as to dissolve the injunction as it

applies to the '957 patent.  Watson seeks relief pursuant to Federal Rule of Civil Procedure

60(b), which states:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and
> just terms, the court may relieve a party or its legal representative from a final
> judgment, order, or proceeding for the following reasons:
>
> . . .
>
>    (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable. . .

Watson contends that, after the expiration of the '814 patent on March 17, 2012, prospective

application of the injunction is no longer equitable.

Watson argues, correctly, that this Court, in ruling on Roche's motion for a preliminary

injunction, analyzed only the validity issues related to the '814 patent.  Indeed, in the Opinion of

November 10, 2010, this Court stated: "Because Roche has shown a likelihood of success on the

merits in regard to the '814 patent, this Court need not reach the issues regarding the '957

patent."  (Opinion of November 10, 2010 at 19.)  Watson contends, again correctly, that, at that

point in time, this Court expected that these combined cases would proceed to trial fairly quickly,

and that the issues regarding the validity of the '957 patent would be resolved well before the

expiration of the '814 patent on March 17, 2012.  It is now February of 2012 and no trial has

occurred, nor has this Court otherwise resolved the outstanding issues regarding the validity of

the '957 patent.  Watson argues, quite reasonably, that it should not be enjoined based on the

effect of an expired patent only.

Roche's arguments in opposition all miss the mark.  Roche first argues that there are no

changed circumstances justifying the requested relief.  This is dead wrong from the start.  The

crucial changes in circumstances are that, while there was once a year and a half before the

expiration date of the '814 patent and a reasonable expectation of going to trial during that time,

there is now about a month until the patent expiration and no hope of going to trial during that

time. This change in circumstances is real and dramatically affects the equities of maintaining

the injunction.

Roche next attempts to depict Watson as improperly seeking to relitigate settled matters,

but this is unpersuasive. As already stated, this Court has not yet addressed the issues regarding

the validity of the '957 patent, nor has it conducted any analysis of the injunction factors as to the

infringement claims regarding this patent. Remarkably, Roche asserts that this Court "held a full

and complete evidentiary hearing on all issues." (Roche's Opp. Br. 15.) Roche's opposition to

the instant motion rests largely on variations of this false premise. This Court has not held a full

hearing on all relevant issues, and it is entirely fair to now require Roche to prove its entitlement

to an injunction based on the '957 patent.

Roche does have a point when it argues that Watson could have and should have filed this

motion earlier – that it need not have waited until just before the '814 patent expired. Yet, as

Watson contends, the prejudice to Roche from this delay is not substantial: it has yet to file a

motion for a preliminary injunction against all the other generic pharmaceutical companies who

may launch a competing product after the expiration of the '814 patent, and it can simply include

Watson as a Defendant should it choose to do so.

3

Watson's motion to modify the injunction Order entered on November 10, 2010 is

granted, and the injunction will be modified accordingly.


                                     s/ Stanley R. Chesler
                                 Stanley R. Chesler, U.S.D.J.


Dated: February 9, 2012